Joey DeLeon, Esq.  (SBN #150974)
3501 Jamboree Road, North Tower, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 509-4231,   Fax: (949) 725-0619
Attorney for Downey Savings And Loan Association, F.A.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA - SAN DIEGO DIVISION

| | |
|---|---|
| In re:<br><br>ELSA LOPEZ<br>　　　　　　　　　Debtor(s)<br>DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.<br>　　　　　　　　　Movant<br>v.<br><br>ELSA LOPEZ, Debtor, DAVID L. SKELTON, Trustee, SAN DIEGO COUNTY TAX ASSESSOR, BANK OF AMERICA, and FORECLOSURE LENDING SERVICES, INC.<br>　　　　　　　　　Respondent(s) | CHAPTER: 13<br><br>CASE NO.: 08-06664-PB13<br><br>RS No. **JDL-1**<br><br>**MOTION FOR RELIEF FROM STAY**<br><br>Date & Time: To be set by Debtor<br>Judge: P. Bowie<br>Department: Dept. 4, Room 328<br>Court Addr: 325 West "F" St.<br>　　　　　　　San Diego, CA |

　　　　Downey Savings and Loan Association, F.A. ("Downey") moves this court for an order granting relief from the stay under 11 U.S.C. §362(a). Downey is the beneficiary under a Promissory Note secured by a 1st Deed of Trust covering real property commonly known as **2445 Palm Ave, San Diego, CA** (the "Property"), which is a single family residence that is occupied by Debtor. Copies of Downey's Note and Deed of Trust are filed as **Exhibits "A" and "B"** to this Motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This motion is brought for cause under §362(d)(1) and lack of equity under §362(d)(2). ***Downey requests that the Court take judicial notice of the Debtor's Schedules and other documents filed***

*in this case, which were signed by Debtor under penalty of perjury*, in support of this Motion, and as evidence, among other things, that Debtor is not currently on active duty in the armed forces.

I.

**CAUSE EXISTS FOR GRANTING RELIEF FROM STAY**

Downey has not received the post-petition regular monthly payments, and applicable late charges, for the months of **March through May 2009**. In this respect, Debtor's cashier's check no. 45810087335 in the amount of $1,080.76 received by Downey on 5/2/2009 was applied towards the February 2009 post-petition payment, said payment being $8.78 short and did not include the applicable late charge**.** The monthly payment is presently **$1,089.54** (but is subject to change), and is due on or before the first day of the month during which the same shall accrue, and a late charge of **$50.86** accrues if the payment is not received by the 16th day of the month. In addition, Debtor failed to provide Downey with evidence of hazard insurance on the Property, and Downey advanced **$3,522.00** for such insurance on 4/16/09. A breakdown of all post-petition sums to become due, and payments received, since the filing of this case is attached as **Exhibit "C"** hereto.

The failure to make the aforesaid payments <u>creates</u> defaults, rather than maintains the status quo, constitutes a default under Debtors' confirmed Chapter 13 Plan, denies Downey adequate protection, and further erodes Downey's secured lien so that it is now in a worse position than when the Petition was filed. To continue the Stay in effect would permit the exacerbation of that default while the Debtor has the continued use of the Property and pays nothing therefore. See <u>In Re Houston</u>, 32 B.R. 584, 587 (Bkrtcy S.D. N.Y. 1983); <u>Butner v. U.S.</u>, 440 U.S. 48, 55; 99 S.Ct. 914, 918; <u>In Re Virginia Foundry Co., Inc.</u>, 9 B.R. 493, 498 (U.S.D.C. W.D., V.A., 1981); <u>In Re Monroe Park</u>, 17 B.R. 934, 940 (U.S.D.C., D. Del., 1982). Therefore, cause exists for the granting of relief from the stay.

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --

   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; . . ."

11 U.S.C. §362(d)(1).

WHEREFORE, Downey requests an Order of this Court as follows:

1. Downey is released from the Stay provided under 11 U.S.C. §362(a), with respect to the real property located at **2445 Palm Ave, San Diego, CA.**

2. That the 10 day waiting period under Bankruptcy Rule 4001(a)(3) is waived.

3. For attorney's fees and enforcement costs as authorized by Downey's Deed of Trust.

4. For such other and further relief as the Court may deem just and proper.

DATED:   May 14, 2009            /s/  *Joey DeLeon*
                                             Joey DeLeon, Attorney for Movant